**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15 CR 50**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **DONALD ELLIOTT.** | ) | |
| | ) | |
| _____ | ) | |

**THIS CAUSE** came on to be heard before the undersigned at the close of a Rule 11 proceeding that was held before this Court on July 1, 2015. At that time, the Court presented the issue of whether or not Defendant should be detained, pursuant to 18 U.S.C. § 3143(a)(2). This matter further came before the Court pursuant to a Motion for Continued Release After Plea Hearing (#7) filed by Mary Ellen Coleman, counsel for Defendant. In the motion, Defendant contends that 18 U.S.C. § 3143(a)(2) does not apply because the crime for which Defendant entered a plea of guilty, that being in possession of a firearm by a felon, does not qualify as a crime of violence and alternatively, the Defendant should be continued to be released on terms and conditions of pretrial release, pursuant to 18 U.S.C. § 3145(c). Defendant was present with his attorney, Mary Ellen Coleman and the government was present and represented through Assistant United States Attorney Tom Ascik.

1

From the arguments of counsel for Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** On June 9, 2015 a bill of information (#1) was issued charging Defendant with being in possession of a firearm after he had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). On July 1, 2015, the undersigned held and inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of Defendant to that offense. At the end of the Rule 11 proceeding, the Court presented the issue of whether or not Defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

    (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

    (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears Defendant has entered a plea of guilty to a violation of 18 U.S.C. § 922(g)(1). In this district and in this circuit, such an offense is considered to be a crime of violence. <u>U.S. vs. Redmon</u>, 3:06cr92 (J. Voorhees), <u>U.S. vs. Allen</u>, 409 F.Supp. 2d 622 (D. Maryland 2006), <u>United States vs. Moffitt</u>, 527 F.Supp. 2d 474 (W.D.N.C. 2006)

Counsel for Defendant argues that violation of 18 U.S.C. § 922 does not meet the definition of a crime of violence which is defined in 18 U.S.C. § 3156(a)(4) and further argues that decisions of the Third, Sixth, Seventh, Ninth, Tenth, Eleventh, and the District of Columbia Court of Appeals have concluded that a violation of 18 U.S.C. § 922(g)(1) is not a crime of violence. Although a majority of the Circuit Courts have concluded that a violation of 18 U.S.C. § 922(g)(1) is not a crime of violence, the law in this district is clear that the offense is to be considered as a crime of violence and thus is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(A).

The undersigned made an inquiry of Assistant United States Attorney Tom Ascik as to whether or not there is going to be a recommendation that no sentence of imprisonment be imposed upon Defendant. Mr. Ascik advised the Court that such

a recommendation could not be made in this matter. As a result of the plea of guilty, the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted. Based upon the statement of Mr. Ascik, the Court cannot find that the attorney for the Government has recommended or will recommend that no sentence of imprisonment be imposed upon Defendant. It would thus appear that the undersigned is required to apply the factors as set forth under 18 U.S.C.§3143(a)(2) which require the detention of Defendant.

In Defendant's written motion (#7), Defendant further contends that exceptional circumstances exists which would merit the continued release of Defendant, pursuant to 18 U.S.C. § 3145(c). That statute provides as follows:

> (c) **Appeal from a release or detention order.**---
> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

United States District Judge Max Cogburn has assigned to the undersigned the task of conducting exceptional circumstances determination in criminal matters in this District before him.

What constitutes exceptional circumstances has been defined by Judge Martin Reidinger in <u>United States v.Vilaiphone</u>, 2009 WL 412958 (February 19, 2009 W.D.N.C.). In <u>Vilaiphone,</u> Judge Reidinger stated:

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See <u>United States v. Larue</u>, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); <u>United States v. Lea</u>, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting <u>United States v. DiSomma</u>, 951 F.2d 494, 497 *2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. See <u>United States v. Little</u>, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." See <u>Lea</u>, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). See <u>United States v. Garcia</u>, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); <u>United States v. Mahabir</u>, 858 F.Supp 504, 508 (D.Md. 1994)("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely

personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).")

In support of Defendant's motion, Ms. Coleman presented a letter (#7-4) from Anita Coggins who is the Special Education Teacher for Defendant's daughter and who is also an alternative family living care provider. It appears from the document the Defendant's daughter has significant cognitive disabilities and stays with Ms. Coggins during the week but then with her family on the weekends. Ms. Coleman further presented a letter from Robin King, a family psychiatric mental health nurse/practitioner who treats Defendant's son for various cognitive disorders. (#7-3) Defendant's spouse is not functional on her own and is dependent upon the Defendant. (#7-1)

The Court finds that the conditions involving Defendant's family, and particularly the continued care of Defendant's children are, "clearly out of the ordinary, uncommon, or rare." On the other hand, Defendant and his family knew or should have known that Defendant's plea of guilty could require the Court, by law, to detain Defendant. The detention of Defendant will result in hard choices for the Defendant and his spouse and after considering the request of Defendant, the undersigned will allow Defendant a period of time in which to prepare for the incarceration of the Defendant. The undersigned has further considered that Mr.

Ascik, on behalf of the Government, is of the belief that exceptional circumstances do exist that merit the continued release of Defendant.

The undersigned will grant the motion (#7) and will allow Defendant to continue to be released on terms and conditions of presentence release. However, this additional period of release will be only for a period of time sufficient to allow Defendant and his family to make appropriate arrangements for the care of their children and Defendant's wife while Defendant is detained. The undersigned considers that a two months period of time to make such arrangements would be reasonable.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the Motion for Continued Release After Plea Hearing (#7) is **ALLOWED** and Defendant will be allowed to continue on terms and conditions of pretrial release based upon a showing of exceptional circumstances. The undersigned will allow Defendant to continue to be released until **September 1, 2015** when Defendant shall present himself to the U.S. Marshal's Office in the United States Courthouse in Asheville, NC at 9:00 a.m. to begin his period of presentence detention.

Signed: July 6, 2015

Dennis L. Howell
United States Magistrate Judge