UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-CR-50

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DONALD EUGENE ELLIOTT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Previously, the Court ordered Defendant to report on September 1, 2015, for pretrial detention. (Order, Jul. 6, 2015.) In its prior Order, the Court recognized that the courts in this District consider a violation of 18 U.S.C. § 922(g) a crime of violence for purposes of 18 U.S.C. §§ 3142(f)(1)(A), 3143(a)(2) and 3156(a)(4). (Order at p. 3, Jul. 6, 2015.) Defendant appealed the Court's Order to the District Court. In response to the Defendant's request for review of the Court's Order, the Government states as follows:

> The Government concedes that the Magistrate Court was entitled to rely upon the long-standing local precedent regarding the applicable standard. However, as noted by the Defendant, the strong weight of circuit-court authority is now against this precedent. Additionally, the reasoning of the courts that have held that this possession offense does not satisfy the crime-of-violence definition under § 3143(a)(2) is sound. The Government also believes that recent jurisprudence regarding the categorical approach supports the Defendant's argument that the

1

elements of § 922(g) will not support a categorical finding that it is a crime of violence.

(Gov.'s Resp. to Def.'s Request for Review at p. 2.)

The District Court then vacated the Court's Order and remanded the case for further proceedings. (Order, Aug. 12, 2015.) Specifically, the District Court remanded the case "for reconsideration in light of recent developments in appellate jurisdiction, as outlined in the government's Response." (Id.) The Court then held a second hearing on the matter as directed by the District Court. At the hearing the Government was unable to articulate whether a violation of Section 922(g) was a crime of violence.

Irrespective of the Government's shifting position in this case as to whether a violation of Section 922(g) is a crime of violence, the Government's representation to the District Court in its Response was misleading. In pointing out the longstanding precedent of this District that a violation of Section 922(g) was a crime of violence, the Court cited two decisions from this District, including the published decision United States v Moffitt, 527 F. Supp. 2d 474, 477 (W.D.N.C. 2006) (Whitney, J.) (collecting cases from the Fourth Circuit holding that a violation of Section 922(g) is a crime of violence). Chief Judge Whitney decided Moffitt on November 7, 2006. Every single one of the circuit court decisions cited by Defendant was decided **prior** to Moffitt. In contrast to the representation by the

Government to the District Court, the strong weight of circuit court authority against the holding of Moffitt is not new, this circuit split existed in 2006 when Chief Judge Whitney, like many of the other Judges in this District, followed the minority rule set forth by the Second Circuit in United States v. Dillard, 214 F.3d 88 (2nd Cir. 2000). To imply, as the Government did, that the weight of the authority is "now" against this precedent is inaccurate. Rather, the weight of circuit court authority was against the precedent in 2006 when Chief Judge Whitney published Moffitt – such is the nature of following a minority rule rather than a majority rule. Moreover, other Courts in this District have even subsequently recognized this circuit split and continued to apply the minority rule. See United States v. Clifton, No. 3:06cr110, 2007 WL 2688648, at *1 (W.D.N.C. Sept. 10, 2007) (Conrad, C.J.).

Although this Court is aware of the circuit split and is aware that this District follows the minority rule, the Court feels obligated to continue following the longstanding precedent in this District. It is not for this Court to reject the numerous District Court decisions and create a split within the District. Although Judge Cogburn is certainly not bound by these decisions and can adopt the majority rule and hold that a violation of Section 922(g) is not a crime of violence, this Court does not feel that it is in a position to do so, especially in light of the fact that the legal authority upon which Defendant primarily relies was all decided prior

to many of the decisions in this District finding that Section 922(g) is a crime of violence. Accordingly, the Court adopts the findings of its July 6, 2015, Order and re-incorporates those findings into the body of this Order. In light of the prior Order from the District Court remanding this case, however, the Court will allow Defendant to remain on pretrial release pending any appeal of this Order.

Signed: September 16, 2015

Dennis L. Howell
United States Magistrate Judge