UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cr-00050-MOC-DLH

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DONALD EUGENE ELLIOTT,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Request for Review of United States Magistrate Judge's Order Entered on September 16, 2015. As it appears that the issues are clear and that the government has set forth its position in prior pleadings, the court finds such motion is suitable for expedited resolution.

On June 26, 2015, the Supreme Court found that certain language contained within the Armed Career Criminal Act ("ACCA"), defining the phrase "violent crime," was constitutionally infirm as being void for vagueness. <u>Johnson v. United States</u>, 576 U.S. ___, 135 S.Ct. 2551 (June 26, 2015). In particular, the ACCA defines the phrase "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that — (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The Court determined that residual clause, which is the underlined phrase at the end of § 924(e)(2)(B)(ii), was unconstitutionally vague.

While the ACCA is not at issue here, the decision in Johnson may well impact a number of federal statutes as well as sentencing provisions inasmuch as nearly identical language has been used by Congress as well as the Sentencing Commission in those areas. See, *e.g.,* U.S.S.G. § 4B1.1 (career offender guideline); U.S.S.G. §§ 2K1.3 & cmt. n.2 (explosive materials Guideline); 2K2.1 & cmt. n.1 (firearms Guideline); 2S1.1 & cmt. n.1 (money laundering Guideline); 4A1.1(e), 4A1.2(p) (criminal history Guidelines); 5K2.17 & cmt. n.1 (departure Guideline for semiautomatic firearms); and 7B1.1(a)(1) & cmt. n.2 (probation and supervised release Guideline). " One such nearly identical provision is found in 18 U.S.C. § 3156(a)(4), which provides the definition of "crime of violence" used under the Bail Reform Act, and which the magistrate judge relied on in ordering defendant's post-plea detention pursuant to 18 U.S.C. § 3143(a)(2).

Generally, the *Bail Reform Act* limits bail for those who have been found guilty of a crime of violence either by plea or by a jury verdict. In turn, § 3156(a)(4) provides the definition of what is a "crime of violence" under the Act, which courts apply when determining whether bail should be allowed, as follows:

> (4) the term "crime of violence" means--
> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
> (C) any felony under chapter 77, 109A, 110, or 117s

18 U.S.C. § 3156(a)(4)(B).

In determining whether bail should be allowed where a defendant pleads guilty to § 922(g) offense, this court has routinely relied on subsection (B) - - the "residual clause" of § 3156(a)(4) - - in finding that possession of a firearm by a felon is a "crime of violence" under the *Bail Reform Act*. As that language is substantially identical to the language used by Congress in defining

2

"violent crime" under the ACCA, it is now readily apparent to this court that § 3156(a)(4)(B) suffers from the same infirmity that has impaired the residual clause of § 924(e)(2)(B)(ii) as found in Johnson.

With § 3156(a)(4)(B) now appearing to be an unsound basis upon which to order revocation of a defendant's bail pending sentencing, the court is left with determining whether the offense of conviction is a crime of violence under § 3156(a)(4)(A), the so called "force" or "elements" test.[1] As 18 U.S.C. § 922(g)(1) is an indivisible statute, courts are constrained to employ the categorical approach in determining whether the definition of crime of violence under § 3156(a)(4)(A) is met. The categorical approach "looks only to the statutory definition of the … crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a crime of violence." United States v. Torres-Miguel, 701 F.3d 165, 167 (4th Cir. 2012) (quotation marks, brackets, and citations omitted). Clearly, the elements of a § 922(g)(1) (which simply require that a defendant be (1) a convicted felon who has (2) knowingly shipped, transported, received or possessed a firearm or ammunition (3) that has travelled in interstate or foreign commerce, United States v. Moye, 454 F.3d 390, 395 (4th Cir.2006), can be met without any evidence of the "use, attempted use, or threatened use of *physical force* against the person or property of another." 18 U.S.C. § 3156(a)(4)(A) (emphasis added).

Thus, in light of the Supreme Court's holding in Johnson, the magistrate judge, while certainly deferential to the pre-Johnson determinations of this court, erred in applying the standard set forth in § 3143(a)(2) to determine whether bail was appropriate after defendant pled guilty to

---

[1] Section 3156(a)(4)(C) is clearly inapplicable to a § 922(g) conviction.

a § 922(g) offense. Instead, defendant's continuation on bond should have been considered under § 3143(a)(1), which provides as follows:

> (a) Release or detention pending sentence.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1).

***

While reversing the decision of the magistrate judge, the court will not again remand the issue of bond for further consideration, but will instead exercise its jurisdiction over that issue. Review of the pleadings reveals that since being allowed to bond pretrial, no issues have arisen with defendant's compliance with the conditions of release. Further, there is no indication in the pleadings that there exists any reason not to continue defendant on his pretrial bond. If such a reason were to arise, the court would certainly consider a motion for revocation of bond or bond modification.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Request for Review of United States Magistrate Judge's Order Entered on September 16, 2015 is GRANTED, and upon expedited review, the Order (#29) of the magistrate judge is REVERSED, and defendant is continued on the

Bond (#14) and the Conditions of Release (#15) previously entered by the magistrate judge pending sentencing.

Signed: September 29, 2015

Max O. Cogburn Jr.
United States District Judge